UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID CHARLES REDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0192-CVE-TLW |
| ) | |
| THE STATE OF OKLAHOMA COURT ) | |
| OF CRIMINAL APP., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court are plaintiff David Charles Redman's Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) and Complaint (Dkt. # 1). Redman was convicted of lewd molestation in state court on June 11, 2008. Dkt. # 1, at 1. Appearing pro se, he seeks to withdraw his guilty plea and have his conviction vacated. Id. at 2.

A.   Motion to Proceed in Forma Pauperis

In reliance upon the representations and information set forth in Redman's Motion to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2), the Court finds that the motion should be granted. Redman is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

B.   Complaint

Redman seeks to withdraw his guilty plea and have his conviction vacated. Dkt. # 1, at 2. A civil complaint against the Oklahoma Court of Criminal Appeals is not the proper method by

which to seek such relief.  If Redman is currently serving a sentence[1], the proper method to challenge the legality of his conviction is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  If Redman is not currently serving a sentence, the proper method to seek the requested relief is a petition for a writ of error coram nobis.  From the face of the Complaint, it is not clear whether Redman is currently serving a sentence or whether he has discharged his sentence.  The requirements and procedures for each petition are set forth below.

In order to commence a habeas corpus action in this Court, a petitioner must file a petition for writ of habeas corpus using the court-approved form.  See LCvR9.3(A).  The petitioner shall identify the conviction(s) he or she is challenging and set forth each claim demonstrating that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner shall also name the proper respondent.  The proper respondent in a habeas corpus action is the state officer having custody of the petitioner.  See Rules Governing Section 2254 Cases Rule 24(a).  Furthermore, petitioner must present each constitutional claim in compliance with the requirements specified in § 2254(b) and § 2244(d).  Pursuant to § 2254(b), habeas corpus relief may not be granted unless the petitioner has first provided the state courts with the opportunity

---

[1] A suspended sentence satisfies 28 U.S.C. § 2254's " in custody" requirement. See Sammons v. Rodgers, 785 F.2d 1343, 1345 (5th Cir. 1986) (per curiam) ("[a] suspended sentence which has not yet run does establish jurisdiction in the federal court of the state where the sentence continues to exist"); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) (citing United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975)); see also Birdsell v. State of Alabama, 834 F.2d 920, 921 (11th Cir. 1987) (citing Sammons); Davis v. Okla. County, No. CIV-09-217-M, 2009 WL 799279, at * 1 n.1 (W.D. Okla. March 24, 2009) ("[p]etitioner's current status as an offender on probation serving a suspended sentence is sufficient to satisfy the 'in custody' requirement for habeas jurisdictional purposes"); Bernat v. Allphin, No. 1:05-CV-155 TS, 2009 WL 2126275, at *8 (D. Utah July 27, 2006) (noting that "[a] number of courts have held that individuals . . . with suspended sentences [ ] are in custody for the purposes of § 2254"). Cf. Jones v. Cunningham, 371 U.S. 236, 243 (1963) (holding that a paroled prisoner was in custody for habeas purposes).

to correct the alleged constitutional errors. See 28 U.S.C. § 2254(b). In addition, § 2244(d) establishes a one-year limitations period for filing federal habeas petitions. In general, a petitioner seeking habeas corpus relief from a state conviction must file a federal habeas corpus petition within one year of the date his or her conviction became final. See 28 U.S.C. § 2244(d).

In order to petition for a writ of error coram nobis, a petitioner must file a petition -- there is no court-approved form. The writ is an extraordinary remedy which may be issued under compelling circumstances only. See United States v. Morgan, 346 U.S. 502, 511 (1954); see also Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967). Circumstances justifying issuance of this writ include an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment, a showing that the petitioner continues to suffer significant collateral consequences from the judgment, and a demonstration that an error of the most fundamental character has occurred. Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993); see also Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996); Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989) (due diligence in seeking the writ is a prerequisite to relief). The writ is available to correct only errors that result in a complete miscarriage of justice. United States v. Williamson, 806 F.2d 216, 222 (10th Cir. 1986). Any petition for a writ of error coram nobis must contain an explanation of why these circumstances are present.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Dkt. # 1) is **dismissed without prejudice**. A separate judgment is entered herewith. Plaintiff may commence a new action by filing a petition for writ of habeas corpus or writ of error coram nobis, if and as appropriate.

**DATED** this 31st day of March, 2010.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT